IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSCAR GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYLESS CAR WASH, INC. d/b/a STATE STREET HAND CAR WASH & DETAIL CENTER, and SAJJAD AHMED,<br><br>Defendants. | |

## COMPLAINT

Plaintiff, Oscar Garcia, individually and on behalf of all others similarly situated, by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint against Defendants Payless Car Wash, Inc. d/b/a State Street Hand Car Wash & Detail Center ("Payless") and Sajjad Ahmed ("Ahmed"), individually, states as follows:

### NATURE OF ACTION

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and class action pursuant to the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"). Specifically, Defendants violated the FLSA and IMWL by failing to pay Plaintiff one and one-half times his regular rate of pay ("overtime") for hours worked in excess of forty (40) per individual workweek, as well as minimum wage for all hours worked.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law IMWL claim pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois, at the Defendants' facility located in Chicago, Cook County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Oscar Garcia ("Garcia") is an adult resident of Chicago, Illinois.

5. Throughout the statutory period, Plaintiff was an "employee" of Defendants as defined by the FLSA.

6. Throughout the statutory period, Plaintiff was an "employee" of Defendants as defined by the IMWL.

7. The members of the Plaintiff Class and Collective include all current and former individuals employed by Defendants within the applicable statutory timeframe, who, like Plaintiff, were not paid minimum wage and were not paid for all overtime hours worked in excess of forty (40) hours per workweek.

8. Defendant Payless is an Illinois corporation doing business in the State of Illinois, engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 2611(1). Defendant is located in Chicago, Illinois.

9. Defendant is an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Defendant Payless was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d).

11. Defendant Payless was Plaintiff's employer as that term is defined by the IMWL, 820 Ill. Comp. Stat. 105/3.

12. Defendant Ahmed is the President and Secretary of Payless.

2

13. Defendant Ahmed is involved in the day-to-day operations of Payless. Among other things, Ahmed has the authority to hire and fire employees, direct and supervise the work of employees, sign on the corporation's checking accounts, including payroll accounts, and make decisions regarding employee compensation and capital expenditures.

14. Defendant Ahmed was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d).

15. Defendant Ahmed was Plaintiff's employer as that term is defined by the IMWL, 820 Ill. Comp. Stat. 105/3.

16. Defendants Payless and Ahmed are subject to the overtime and minimum wage provisions of the FLSA and IMWL.

## FACTUAL ALLEGATIONS

17. Defendants employed Garcia as a car wash attendant at its facility located at 1701 S. State Street, Chicago, IL, from on or about February 13, 2019 through on or about March 23, 2019.

18. Plaintiff performed a variety of tasks for Defendants including washing, detailing, and waxing customer vehicles.

19. Plaintiff did not punch in and out using a time card or any other formal timekeeping system.

20. Rather, Plaintiff was instructed to sign in by hand at the beginning of each workday. Defendants' cashier, Tina, maintained the sign-in sheet.

21. Other members of the Plaintiff Class and Collective were also instructed to, and did, report their hours by signing in with Defendants' cashier at the start of the workday.

3

22. Garcia typically arrived to begin work at or around 6:30 AM and ended work at or around 7:00PM.

23. Plaintiff regularly worked seven (7) days per week. Defendants' business would be closed to customers on rainy days; however, Plaintiff and the Plaintiff Class were required to come in to clean up the premises during those hours.

24. Defendants paid Garcia at the rate of $8.00 per hour.

25. In addition, Garcia was paid approximately $20.00 per day in tips.

26. Defendants paid Plaintiff and members of the Plaintiff Class and Collective in cash on a weekly basis.

27. Defendants paid Garcia and other members of the Plaintiff Class and Collective their straight hourly rate for all hours of work.

28. Plaintiff and members of the putative class would regularly work in excess of forty (40) hours per week.

29. Defendants were aware that Plaintiff and other members of the putative class would work in excess of forty (40) hours week.

30. Defendants did not utilize any formal punch clock system; rather, Defendants relied entirely on recording hours of work for Plaintiff and the Plaintiff Class by hand in order to calculate their time worked and wages owed.

31. Defendants failed to compensate Plaintiffs and other employees at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks ("overtime").

32. Defendants also failed to pay Plaintiff and members of the Plaintiff Class and Collective the applicable minimum wage for all time they worked.

33. As a result of the policies and practices described above, Defendants failed to properly compensate Plaintiff and the putative members of the Plaintiff Class and Collective at the proper minimum wage for all hours worked, as well as the overtime rate for all hours worked in excess of forty (40) hours in individual workweeks.

34. Defendants knew or should have known of their obligation to fully pay employees their minimum and overtime wages for all hours worked and at the proper rate. Defendants acted in bad faith in failing to fully compensate Plaintiff and other members of the Plaintiff Class and Collective for all hours worked and at the proper overtime rate for the work they performed.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and all putative members of the Plaintiff Class.

36. Plaintiff seeks certification of his IMWL claims as a class action in order that the rights of Plaintiff and the Plaintiff Class, including all overtime and other wages due, statutory damages, prejudgment interest, and any other damages due, be resolved.

37. With respect to unpaid minimum wage, Plaintiff represents, and is a member of the putative class as follows:

> **Class A:** "All persons who (1) were employed by Defendants, (2) within the applicable statute of limitations prior to the filing of the Complaint in this action, (3) who were paid at an hourly rate, and (4) who were not paid IL minimum wage; and (5) who were not compensated at one and one-half times their hourly rate for hours worked in excess of forty (40) per week."

38. With respect to unpaid hourly overtime wages, the Plaintiff represents and is a member of the putative class defined as follows:

> **Class B:** "All persons who (1) were employed by Defendants, (2) within the applicable statute of limitations prior to the filing of the Complaint in this action, (3) who were paid at an hourly rate, and (4) who were not compensated at one and one-half times their regular rate for hours worked in excess of forty (40) per week."

5

39. Plaintiff does not know with certainty the number of members in the Plaintiff Class at time, but reasonably estimates that the Plaintiff Class includes over 40 individuals drawn over from the statutory period. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

40. This action is brought as a class action under Fed. R. Civ. P. 23 because the Putative Class is so numerous that joinder of all class members is impracticable.

41. Plaintiff and members of the Plaintiff Class were harmed by acts of the Defendants in at least the following way: Defendants failed to properly compensate these individuals at the minimum wage and failed to properly compensate these individuals at their overtime rates of pay.

42. The Plaintiff Class may be reluctant to raise individual claims for fear of retaliation, or fear that bringing an individual claim against a former employer may hinder their ability to find new employment.

43. This class action seeks only damages and any other relief permitted under the IMWL. Plaintiff reserves the right to expand the Class definition as warranted, as facts are learned in further investigation and discovery.

44. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class.

45. The Plaintiff, the Plaintiff Class, and Defendants have a commonality of interest in the subject matter and remedy sought.

46. Garcia is able to fairly and adequately represent and protect the interests of the Plaintiff Class. Garcia has no interests antagonistic to those of the Plaintiff Class, and Defendants have no defenses unique to Garcia.

47. Garcia's counsel is competent and experienced in class and complex litigation.

48. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

49. Plaintiff re-states and incorporates paragraphs 1 through 48 as though fully set forth herein.

50. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Plaintiff and all members of the Plaintiff Collective at the overtime rate for all hours worked in excess of forty (40) per workweek.

51. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff attaches as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

44. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their company-wide compensation policies and

methods of time keeping and payment. Defendants' failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

45. Plaintiff's experiences are typical of the experiences of the putative class members, as set forth above.

46. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Oscar Garcia, on behalf of himself and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

- a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

- b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

- c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

- d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

- e) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

- f) Awarding such additional relief as the Court may deem just and proper.

# COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action)

48. Plaintiff re-states and incorporates paragraphs 1 through 48 as though fully set forth herein.

49. This Count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for their failure to pay compensation at the overtime rate for all hours worked in excess of forty (40) per workweek.

50. At all relevant times herein, Defendants have been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

51. At all times relevant, Plaintiff and putative members of the Plaintiff Class were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*

52. Pursuant to the IMWL, for all weeks during which Plaintiff and the putative Plaintiff Class worked in excess of forty (40) hours, they were entitled to be fully compensated at the proper overtime rate.

53. Defendants violated the IMWL by failing to compensate the Plaintiff and the Plaintiff Class with overtime wages for all hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiff Oscar Garcia, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

b) Appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Class Action)

54. Plaintiff incorporates paragraphs 1 through 48 as though fully set forth herein.

55. This Count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for their failure to pay compensation at the applicable minimum wage for all hours worked.

56. At all relevant times herein, Defendants have been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

57. At all times relevant, Plaintiff and putative members of the Plaintiff Class were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*

58. During the course of his employment, Plaintiff was not compensated at the applicable minimum wage rate.

59. At all relevant times, Defendants paid other members of the Plaintiff Class less than the applicable minimum wage rate.

60. Plaintiff and other members of the Plaintiff Class were entitled to be paid at least the minimum wage rate for the City of Chicago and Cook County for all time worked.

61. Defendants failed to pay the minimum wage for all time worked.

62. Defendants' failure to pay the minimum wage rate violated the minimum wage hour provisions of the IMWL.

WHEREFORE, Plaintiff Oscar Garcia, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

b) Appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 ILL. COMP. STAT. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

**Plaintiff requests a trial by jury**

Dated: August 23, 2019

Alejandro Caffarelli, #06239078
Alexis D. Martin, #0639619
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880

Respectfully submitted,
OSCAR GARCIA, individually and on behalf of all others similarly situated,

By: /s/ Alexis D. Martin
Attorney for the Plaintiff